*175 The opinion of the court was delivered by
Gibson, C. J.
The bank was not an original party to the arrangement between the members of the old firm ; and it was not, therefore, originally bound by it. But did it not become a party by taking a dividend, which it.could not have claimed, except on the basis of the arrangement'? The assignment of the new firm transferred, but its partnership effects, and these, too, in trust to satisfy its own debts; and a creditor of the old firm was consequently not entitled, in that character, to the benefit of the trust. Yet the bank actually came in; and, consequently, as a creditor of the new firm, by its assumption of the old debts, and subject to the conditions of the assumption. A principal one of these, as they appear in the bond of indemnity, was payment of the old debts, and exoneration of the retiring partner by the new firm. For the performance of that, as well as every other part of the arrangement, they were firmly bound; and it is not to be supposed they would have consented to let the bank in, on an equality with their proper creditors, and on terms that would have left them exposed to an action by their former partner. It is the equity of the new firm, which, comes between the defendant and the bank, and brings to his rescue that principle which forbids the enforcement of certain agreements, as a fraud upon third persons. By treating the note as a debt of the new firm, the bank recognized the terms of its assumption, and agreed to look, in accordance with them, to it only. This election to abide by the terms of the assumption, is the master key of the case; for, -without it, the release, which discharged the members of the new firm from no more than its own debts, could .not be brought to bear on the present cause of action; which would otherwise not be a debt, within the terms of the trust. On the principle indicated, the debt would be gone as to the defendant, by force of the arrangement, without aid from the release. The case of Heath v. Percival, (Stra. 403,) has been relied on for the contrary; but its circumstances show it to have been essentially different. One -of the two partners, at the winding up of the concern, had taken on himself the burthen of discharging the joint bonds ; and a bond creditor, having applied to him for payment, received a promise of more interest: subsequent to which, the assuming partner became a bankrupt, and the obligee having taken a dividend under the commission, the latter brought a bill against the executor of the other partner, for a discovery of assets and payment of the residue. On these facts, it was held that the agreement was res inter alios acta; which, as it could not prejudice the other partner, who might have discharged himself by payment of principal and interest at the original rate, ought not to benefit him. A better reason might perhaps have been found, in the fact that a collateral agreement, such as that, was entirely consistent with a retention of the original *176 debtors, who could be discharged but by substituting the promise of the assuming partner, in place of the bond. In our case, substitution was the basis of the superstructure. In that, the application to the assuming obligor, and consequent agreement for increased interest, neither sanctioned or disaffirmed the arrangement between the partners. What, then, in addition, was the effect of taking a dividend under the commission, without reference to the terms of the arrangement I Certainly not to discharge the other obligor, who had advantage, instead of prejudice, from it. But most certainly the result would have been different, if the debt had been made proveable under the commission, exclusively, by the arrangement and assumption of the bankrupt; for being the consideration of a benefit, the creditor would have been bound by the conditions of it. The absence of that feature essentially differs the case from the one at bar, in which the bank came in on the footing of a creditor of the new firm, exclusively, by virtue of an agreement between the defendant and the partners of that firm; and it is bound to carry out every part of the arrangement which made it so. In Heath v. Percival, the debt was not discharged, except as to the bankrupt; ■ here, if the note were so far the proper debt of the new firm, as to entitle it to a dividend under the assignment of that firm, it was also its proper debt so far as to bring it within the range of the release, which, though operating directly but to discharge the members of that firm, and even these but from its partnership debts, operated incidentally to discharge the defendant also; inasmuch as they would else have been answerable to him on their contract of indemnity. If the bank might have recourse to the defendant, as for a debt of the old firm, why not to the other drawers, who have been released from nothing but the debts of the new firm ? Every one would acknowledge the injustice of that, since the bank has been admitted to the benefit of treating the note as a debt of the new firm ; and if they are discharged from their original liability, the defendant stands discharged, also, on the principle which makes the release of one joint debtor, the release of all. In every direction, therefore, the course of the bank is beset with difficulties', which spring from the obligation of the bank to give full effect to its release, in the only way it can do so — by giving full effect to the arrangement which produced it.
Judgment affirmed.